IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01204-CNS-NRN

DILIP BALAKRISHNAN,

    Plaintiff,

v.

TTEC DIGITAL LLC, a Colorado limited liability company,

    Defendant.

---

**ORDER**

---

In the parties' Final Pretrial Order, ECF No. 180, Defendant/Counterclaim Plaintiff TTEC Digital argues that Plaintiff/Counterclaim Defendant Dilip Balakrishnan's affirmative defense of fraudulent inducement should be stricken because the Court dismissed his affirmative fraudulent-inducement claim as time-barred. *See* ECF No. 180. At the February 11, 2025 Final Pretrial Conference, the Court ordered supplemental briefing on the issue. The Court has now analyzed the parties' respective positions. ECF Nos. 187, 188. For the reasons explained below, the Court agrees with TTEC that Mr. Balakrishnan is not entitled to raise his fraudulent-inducement defense.

    **I.**    **FACTUAL BACKGROUND**

This case arises from the parties' execution of a February 7, 2020 Stock Purchase Agreement (SPA). ECF No. 67 (TTEC's Countercl.), ¶¶ 1, 14; ECF No. 67-4 (SPA). In

1

executing the SPA, TTEC acquired 70% of Serendebyte Inc., the company that Mr. Balakrishnan founded. Countercl., ¶¶ 14, 21.

The SPA permitted Mr. Balakrishnan, on behalf of Serendebyte's rolling shareholders (including himself), to sell the remaining 30% of Serendebyte to TTEC during the period of January 31, 2023, to December 31, 2023, which the SPA defines as the "Put Option." *Id.*, ¶ 29; SPA, § 8.02. The buyout price for the remaining 30% of Serendebyte was based on Serendebyte's financial performance over the previous three-year period. Countercl., ¶ 30; SPA at 2 (defining pre-agreed formula).

On December 8, 2023, Mr. Balakrishnan notified TTEC that he, as the majority seller, was voluntarily electing to exercise the Put Option pursuant to § 8.02. Countercl., ¶ 2. Mr. Balakrishnan's exercise notice calculated the amount of the second buyout—the remaining 30% of the shares—at $300,000. ECF No. 68 at 3. Mr. Balakrishnan identified the closing date as February 6, 2024. *Id.* TTEC agreed to process the Put Option request provided that Mr. Balakrishnan also complied with his obligations under § 8.02 and § 8.04, which, according to TTEC, included signing a full release—requiring him to dismiss this lawsuit against TTEC. *Id.* Mr. Balakrishnan refused, claiming that § 8.02 and § 8.04 do not require a release for the Put Option to be exercised. *Id.* at 4.

## II.   PROCEDURAL BACKGROUND

Mr. Balakrishnan initiated this lawsuit on May 12, 2023. ECF No. 1. He alleged that TTEC breached its implied obligation under the SPA to support Serendebyte, and that TTEC fraudulently induced him to execute the SPA by falsely representing that it could

and would support Serendebyte after the 70% acquisition. *See generally id.*; ECF No. 47 (Am. Compl.).

On November 16, 2023, this Court dismissed without prejudice Mr. Balakrishnan's claims of unjust enrichment, breach of the implied duty of good faith and fair dealing, and negligent misrepresentation, but it permitted him to proceed with his fraudulent-inducement claim. ECF No. 44. Mr. Balakrishnan filed his Amended Complaint shortly thereafter, maintaining his fraudulent-inducement claim and adding a breach of indemnification claim pursuant to the terms of the SPA. *See* Am. Compl.

Since Mr. Balakrishnan exercised the Put Option on December 8, 2023—seven months after filing his lawsuit—the parties have engaged in back-and-forth arguments concerning the purported release. *See* Countercl., ¶¶ 44–46. Having reached an impasse, on January 30, 2024, TTEC filed an Amended Answer to Mr. Balakrishnan's Amended Complaint, and at the same time, filed two counterclaims. TTEC first sought a declaratory judgment that the SPA requires Mr. Balakrishnan to "execute a full release" of his claims. *Id.*, ¶¶ 77–96. TTEC's second claim for breach of contract sought specific performance of the SPA (i.e., requiring Mr. Balakrishnan to execute a full release of all claims). *Id.*, ¶¶ 97–124. Mr. Balakrishnan moved to dismiss TTEC's counterclaims. ECF No. 77. The Court granted that motion in part, dismissing TTEC's declaratory judgment claim but permitting his specific performance claim to proceed. ECF No. 99 at 14 (finding TTEC's declaratory request duplicative of its specific performance claim).

TTEC later moved for summary judgment on Mr. Balakrishnan's two claims. The Court determined that genuine disputes of material fact exist to permit Mr. Balakrishnan

to proceed on his breach of contract claim, but the Court held that his fraudulent-inducement claim is time-barred. ECF No. 177 at 7–15.

### III.   ANALYSIS

The issue before the Court is whether Mr. Balakrishnan may present his fraudulent-inducement defense at trial to rebut TTEC's claim for specific performance of the "release" provision in the SPA despite the Court finding that his affirmative claim for fraudulent inducement is time-barred.

Under Delaware law, the general rule is that affirmative defenses are not subject to statutes of limitations.[1] *Sunder Energy, LLC v. Jackson*, 305 A.3d 723, 752 (Del. Ch. 2023), *aff'd in part, rev'd in part on other grounds*, 332 A.3d 472 (Del. 2024) ("[I]t is a general rule that such statutes [of limitations] are not applicable to defenses, but apply only where affirmative relief is sought." (quoting *Del. Chems., Inc. v. Reichhold Chems., Inc.*, 121 A.2d 913, 918 (Del. Ch. 1956))); *Davis v. 24 Hour Fitness Worldwide, Inc.*, 75 F. Supp. 3d 635, 638 (D. Del. 2014). But courts have recognized an exception to the general rule. *Davis*, 75 F. Supp. 3d at 638 (collecting persuasive authority).

Courts weigh a variety of factors. Some courts look at whether the affirmative defense is a mirror image of time-barred claim. *Id.*; *Sunder Energy, LLC*, 305 A.3d at 752 (asking whether the defense actually seeks affirmative relief). Courts also look at whether the party asserting the affirmative defense was the "initial aggressor in the case" (i.e., which party brought the case). *Id.* Finally, courts look at whether the conduct comprising

---

[1] The SPA is governed by Delaware law. ECF No. 151-35, § 9.10(a) ("This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware . . . ."). The parties also agree that Delaware law governs the instant dispute. ECF No. 187 at 2 n.4.

the affirmative defense arises from the same transaction forming the underlying claim. *Claros Diagnostics, Inc. S'holders Representative Comm. through Goldberg v. OPKO Health, Inc.*, No. CV 2019-0262-SG, 2020 WL 829361 (Del. Ch. Feb. 19, 2020). All three of these considerations are present here.

First, Mr. Balakrishnan's affirmative defense is indistinguishable from his time-barred affirmative claim. Through his defense, Mr. Balakrishnan intends to argue that the term "release" in § 8.02(c) and § 8.04 is unenforceable or void because TTEC induced him, through alleged misrepresentations, to enter the SPA in early 2020. It is thus not a true defense to TTEC's counterclaim that *he breached the SPA* by failing to execute a release after voluntarily exercising the Put Option on December 8, 2023. *Del. Chems.*, 121 A.2d at 918 (Del. Ch. 1956) (statute of limitations applies "where affirmative relief is sought").

Second, Mr. Balakrishnan filed the lawsuit and is properly considered the initial aggressor. *Davis*, 75 F. Supp. at 639 (citing *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1035–36 (9th Cir. 2003) for the proposition that the party filing the lawsuit is the "initial aggressor"); *see also 118 E. 60th Owners, Inc. v. Bonner Props., Inc.*, 677 F.2d 200, 204 (2d Cir. 1982) ("Plaintiff is certainly more of an aggressor than defendants. Defendants have done nothing concrete to change the basic relations between the parties as they have existed for over ten years. It is the plaintiff that has haled the defendants into court and disturbed the equilibrium between the parties."). Thus, Mr. Balakrishnan "abandoned [his] right to seek solace in the status of a defendant" and "cannot hide behind the maxim applicable to defenses asserted in the normal course nor may [he] sidestep

5

the temporal bar to [his] claims." *Davis*, 75 F. Supp. at 639 (quoting *Evans*, 344 F.3d at 1036 (*Evans* itself cites Tenth Circuit caselaw for support)).

Third, Mr. Balakrishnan's fraudulent-inducement defense is too far removed from TTEC's counterclaim to be arising out of the same transaction. As the Court noted above, Mr. Balakrishnan's fraudulent-inducement allegations relate to TTEC's alleged misrepresentations to get him to enter the SPA in February 2020; he does not allege that TTEC induced him to exercise his Put Option in December 2023. Because TTEC's counterclaim relates to Mr. Balakrishnan's refusal to execute a release after he elected to exercise his Put Option four years into the parties' contractual relationship, his fraudulent-inducement defense is too far removed. *See Claros*, 2020 WL 829361, *1 ("Here, the Plaintiff moves to strike the affirmative defenses to the extent they seek offsets for claims barred by the statute of limitations. The Defendant seeks to proceed in recoupment. *I find, however, that the affirmative defenses the Defendant seeks to prove— arising from fraud and breach of contract in the formation of the merger agreement—are too attenuated from the contractual right on which the Plaintiff relies to support recoupment*. The Plaintiff's claims rely on the recent achievement of milestones triggering earn-out payments. The background facts on which the Defendant seeks to demonstrate tort and contract damages are unrelated to the earn-out right and *would require creating a record separate from the Plaintiff's claims*, and therefore the rationale for allowing recoupment based on time-barred claims is absent." (emphasis added)).

Because Mr. Balakrishnan's fraudulent-inducement defense seeks the same affirmative relief as his time-barred fraudulent-inducement claim, the Court finds that his affirmative defense is barred by the statute of limitations.

## IV. CONCLUSION

Consistent with the above analysis, Mr. Balakrishnan is barred from raising his fraudulent-inducement affirmative defense at trial.

DATED this 29th day of May 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge